AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>TWO ELECTRONIC COMMUNICATION DEVICES FURTHER DESCRIBED IN ATTACHMENT A, CURRENTLY IN THE CUSTODY OF HOMELAND SECURITY INVESTIGATIONS IN GRAND JUNCTION, COLORADO | )<br>)  Case No. 24-sw-1321-RTG<br>)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of <u>Colorado</u> *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

**YOU ARE COMMANDED** to execute this warrant on or before <u>October 3, 2024</u> *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>Richard T. Gurley</u>.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*.    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: Sworn to 9/20/24 issued 9/23/24 at 10:10 a.m.    *Richard T. Gurley*
*Judge's signature*

City and state:   Grand Junction, CO            Richard T. Gurley
                                                United States Magistrate Judge
                                                *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## <u>DESCRIPTION OF LOCATION TO BE SEARCHED</u>

<u>Subject Device 1</u>



Black Samsung smart phone with unknown IMEI 350207633630840.

<u>Subject Device 2</u>



A black TCL smart phone with an unknown IMEI.

# ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the Device(s) listed and described in Attachment A, the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of Title 21, United States Code, Section 841(a)(1):

1. Information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of Title 21, United States Code, Section 841(a)(1);

2. Information, notes, software, documents, records, photographs, videos, or correspondence, in any format or medium, pertaining to purchasing, possessing, and/or transporting controlled substances;

3. Information, notes, software, documents, records, photographs, videos, or correspondence, in any format or medium, pertaining to types, amounts, and prices of controlled substances trafficked, as well as dates, places, and amounts of specific transactions;

4. Photographs and video of associates, property, or other items related to controlled substance, including embedded data within those items;

5. Address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device(s) or by other means for the purpose of committing violations of Title 21, United States Code, Section 841(a)(1);

6. Stored names, telephone numbers (including numbers from outgoing, incoming, and missed call lists), and e-mail addresses, if applicable; contact lists; records of telephone calls placed, and any other part of the electronic memory of the Device(s) which contains information relating to violations of Title 21, United States Code, Section 841(a)(1);

7. Stored voice-mail, text, and e-mail messages relating to controlled substances;

8. Information, notes, software, documents, records, photographs, videos, or correspondence, identifying or involving controlled substance customers or suppliers;

9. Information, documents, records, photographs, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device(s), or that aid in the identification of persons involved in violations of Title 21, United States Code, Section 841(a)(1);

10. Information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of Title 21, United States Code, Section 841(a)(1);

11. Records, in any format or medium, relating to or showing use of any peer-to-peer network, such as You-Tube, Facebook, Twitter, and related social networking pages pertinent to violations of Title 21, United States Code, Section 841(a)(1);

12. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of Title 21, United States Code, Section 841(a)(1), or that show who used, owned, possessed, or controlled the Device(s);

13. Bank records, checks, credit card information, bills, account information, payment records, and other financial records pertaining to violations of Title 21, United States Code, Section 841(a)(1);

14. Records or descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Title 21, United States Code, Section 841(a)(1);

15. Location information, including origin, destination, and any intervening stops, and their associated addresses, pertaining to travel involving violations of Title 21, United States Code, Section 841(a)(1);

16. Evidence of who used, owned, or controlled the Device(s) to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence;

17. Evidence of software that may allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software;

18. Evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

19. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

20. Evidence of how and when the Device(s) were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

21. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Device(s);

22. Passwords, encryption keys, and other access devices that may be necessary to access the Device(s); and,

23. Contextual information necessary to understand the evidence described in this attachment.

**DEFINITIONS**:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).